IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIA NICOLLE COLLETT (TDCJ No. 1624805), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-119-C-BN |
| US DISTRICT CLERK and NFN GARCIA, | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This *pro se* civil rights action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge Sam R. Cummings. The undersigned issues these findings of fact, conclusions of law, and recommendation that the Court should dismiss Plaintiff Julia Nicolle Collett's complaint with prejudice.

**Applicable Background**

Collett, a Texas inmate, brings this action against the Dallas County District Clerk and a Dallas County deputy sheriff identified as Officer Garcia, alleging that her civil rights were violated in February 2009 when she "placed money on hold in court bond to be sent to [her] upon [her] arrival at prison" and "never [received] signed paperwork in [2009] at trial." Dkt. No. 7 at 1 (further alleging that Officer Garcia "lied upon saying [that Collett] started a gang fight" and threatened to "get [Collett's]

transfer cancelled"). Collett admits that she became aware of defendants' alleged actions "around March" 2009. *Id.*

## Legal Standards and Analysis

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or instead detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b).

And, if "'it is clear from the face of a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). Collett's complaint includes her verified responses to the Court's screening questionnaire [Dkt. No.7]. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (verified responses to interrogatories issued to "[t]o aid in the determination of whether an IFP complaint is frivolous," "become part of the plaintiff's pleadings" (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996))).

Regardless whether civil rights claims against government actors are asserted

under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "[b]ecause there is no federal statute of limitations for § 1983 and *Bivens* claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state," *Starks v. Hollier*, 295 F. App'x 664, 665 (5th Cir. 2008) (per curiam) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999); *Gartrell*, 981 F.2d at 256).

Collett's claims are therefore governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is ... two years" (citations omitted)); *see also Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam) ("our cases have consistently held that '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state'" (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001))).

And "Texas's equitable tolling principles control this litigation." *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (per curiam) (citing *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998)); *see also Gartrell*, 981 F.2d at 257 ("In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions."). "Texas courts sparingly apply equitable tolling and look, *inter alia*, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence. Federal courts also apply the

doctrine sparingly." *Myers*, 464 F. App'x at 349 (citations and internal quotation marks omitted); *but see Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) ("As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate. We must be cautious not to apply the statute of limitations too harshly.").

Plaintiff's complaint clearly reflects that her claims against the defendants are barred by the applicable two-year statute of limitations.

Those claims accrued no later than in March 2009. *See* Dkt. No. 7 at 1; *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) ("Federal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when the plaintiff can file suit and obtain relief." (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997); internal quotation marks omitted). And the two-year limitations period therefore began to run no later than in March 2009, "'the moment [Collett became] aware that [s]he has suffered an injury or has sufficient information to know that [s]he has been injured.'" *Id.* (quoting *Piotrowski*, 237 F.3d at 576); *accord Shelby*, 577 F. App'x at 331-32; *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

While Collett alleges no facts from which to infer grounds to toll the limitations period, "[a]lthough Texas law formerly considered imprisonment to be a disability that tolled the running of the statute of limitations, that is no longer the case." *Gartrell*, 981 F.2d at 257 (citation omitted).

## Recommendation

The Court should summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 2, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE